## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LUIS GONZALEZ,                           :
                                         :
          Petitioner,          :          Civ. No. 15-7564 (RBK)
                                         :
   v.                                 :
                                         :
STEVEN JOHNSON, et al.,                  :          **OPINION**
                                         :
          Respondents.         :
                                         :

**ROBERT B. KUGLER, U.S.D.J.**

     This matter has been opened to the Court by Petitioner's filing of a Motion to Move,

Answer, or Otherwise Reply. (*See* ECF No. 15.) The Court construes Petitioner's filing as a

Motion for Extension of Time to File a Notice of Appeal pursuant to Federal Rule of Appellate

Procedure 4(a)(5). (*See* ECF No. 14-2 at 1.) For the reasons explained below, the Court will grant

the motion.

     The Court recounts only the facts necessary to resolve the instant motion. On December

12, 2018, this Court issued an opinion and separate order denying Petitioner's petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF Nos. 12, 13.) On January 31, 2019,

Petitioner placed his Notice of Appeal and Motion for Extension of Time to File a Notice of Appeal

in the prison mail to be sent to the United States Court of Appeals for the Third Circuit.[1] (*See* ECF

No. 15 at 3; *see also* ECF No. 14-2 at 1.) Petitioner's notice and motion were received by the

Third Circuit on February 7, 2019. (*See* ECF Nos. 14, 14-1, 14-2.) However, Petitioner's notice

and motion were improperly filed, and should have been addressed to the District Court. Fed. R.

---

[1] A pro se prisoner's notice of appeal is considered "filed" when deposited in the prison's mail system. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988).

App. P. 3(a)(1). Upon receiving Petitioner's filings, the Third Court forwarded Petitioner's submissions to this Court for disposition on February 13, 2019. (*See* ECF No. 14-2.) This Court now addresses Petitioner's motion for an extension of time.

In a civil case, with certain exceptions not applicable here, the notice of appeal required by Fed. R. App. P. 3 must be filed with the district clerk within thirty (30) days after entry of the judgment or order appealed from. *See* Fed. R. App. P. 4(a)(1). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *See Bowles v. Russell*, 551 U.S. 205, 213 (2007). "[W]hen an appeal is taken beyond the time set out in the Rule, an appellate court is without jurisdiction to entertain and decide it." *Id.*

In the instant case, this Court issued an opinion and order denying Petitioner's habeas action on December 12, 2018. (*See* ECF Nos. 12, 13). Petitioner stated that he received the opinion and order on or about that same day. (*See* ECF No. 15 at 2). Accordingly, Petitioner's Notice of Appeal would have been timely filed if it had been mailed within thirty (30) days of the order – January 11, 2019. As Petitioner's Notice of Appeal was not filed until January 31, 2019, Petitioner's notice was twenty (20) days late.

A petitioner may, however, request to extend the time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5). "Rule 4(a)(5)(A) states, '[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.'" *Allen v. Vaughn*, 298 F. App'x 130, 133 (3d Cir. 2008) (citing Fed. R. App. P. 4(a)(5)(A)). "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after

the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Here, Petitioner's Notice of Appeal and motion were submitted to the Third Circuit on January 31, 2019, within the thirty (30) day time period prescribed by Fed. R. App. P. 4(a)(5) to file for an extension. (*See* ECF No. 14-2 at 1.) From Petitioner's certification, it appears that once he received the opinion and order from this Court on December 12, 2018, he made diligent efforts to visit the law library and to meet with the paralegal who was assisting him with his case. (*See* ECF No. 15 at 2.) "I put in multiple slips to get to the law library to get with the paralegal who was assisting me and it took weeks for me to get there." (*Id.*) Petitioner further added that he was unaware of the filing deadlines for a Notice of Appeal and by the time that he was finally able to visit the law library and meet with the paralegal, he was already "almost out of time." (*See id.*) Upon meeting with the paralegal, the paralegal allegedly indicated that he would file the Notice of Appeal on Petitioner's behalf. (*See id.*) Ultimately, however, the paralegal was not able to file the Notice of Appeal, which Petitioner alleges resulted in his notice being untimely. (*See id.* at 2.) Thus, the primary issue before this Court is whether Petitioner's late submission constitutes excusable neglect.[2]

To qualify for an extension of time under the excusable neglect component of Fed. R. App. P. 4(a)(5)(ii), a litigant must assert facts meeting the considerations stated in *Ragguette*. *See Ragguette*, 691 F.3d at 324–26 (applying *Pioneer Investment Serv. Co. v. Brunswick Assoc. Limited Partnership*, 507 U.S. 380 (1993), and *Consol. Freightways Corp. of Del. v. Larson*, 827

---

[2] *See Ragguette v. Premier Wines & Spirits,* 691 F.3d 315, 323 n.2 (3d Cir. 2012) ("The good cause standard 'applies in situations in which there is no fault—excusable or otherwise.' Fed. R. App. P. 4 (Advisory Committee's Notes on 2002 Amendments).").

F.2d 916 (3d Cir. 1987)).  In *Ragguette*, the United States Court of Appeals for the Third Circuit

listed the following factors to be considered by the Court in analyzing excusable neglect:

> (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure, *Campbell v. Bowlin*, 724 F.2d 484 (5th Cir. 1984) (failure to read rules of procedure not excusable); (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, *Airline Pilots v. Executive Airlines, Inc.*, 569 F.2d 1174 (1st Cir. 1978) (mistake in diarying counsel's calendar not excusable); (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence, *United States v. Commonwealth of Virginia*, 508 F. Supp. 187 (E.D. Va. 1981) (failure to arrange coverage during attorney's vacation which encompassed end of appeal period not excusable); (4) whether the inadvertence reflects a complete lack of diligence, *Reinsurance Co. of America, Inc. v. Administratia*, 808 F.2d 1249 (7th Cir. 1987); or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

*Id.* at 325–26 (citing *Larson*, 827 F.2d at 919).

In *Pioneer*, the Supreme Court held that the analysis should be an equitable one and

suggested the following factors: "the danger of prejudice to the [non-movant], the length of the

delay and its potential impact on judicial proceedings, the reason for the delay, including whether

it was within the reasonable control of the movant, and whether the movant acted in good faith."

507 U.S. at 395.

Here, the Court finds that the *Ragguette* and *Pioneer* factors weigh in favor of granting

Petitioner's motion for an extension of time.  Petitioner is proceeding pro se without the assistance

of an attorney; as such, his lack of awareness of the time limit to file a Notice of Appeal and his

inability to access the law library in a timely manner does not reflect professional incompetence.

Nor does his late filing suggest that Petitioner was completely ignorant of the rules of procedure,

as Petitioner knew that he would be subject to a time deadline to file his appeal and he requested

to visit the law library numerous times until he was successful.  Moreover, Petitioner's efforts to

visit the library and meet with the paralegal demonstrate his reasonable diligence in attempting to timely file his appeal.

        The Court also finds that the twenty (20) day delay in filing the notice of appeal is unlikely to prejudice Respondent.  The length of the delay is de minimis, and it appears that Petitioner acted in good faith.  For these reasons, the Court will grant Petitioner's Motion for Extension of Time to File a Notice of Appeal.  An appropriate Order follows.

DATED: <u>March 1, 2019__</u>                    <u>s/Robert B. Kugler</u>
                                                    ROBERT B. KUGLER
                                                    United States District Judge